UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------x
CLARA FAJARDO
on behalf of herself and those similarly situated,


        Plaintiff,

v.

GREEN TEA SPA AT 35, INC.
And BRYAN LEE jointly and severally,


        Defendants.
--------------------------------------------------------------------------------x

No.:

COLLECTIVE ACTION
COMPLAINT
WITH JURY DEMAND

        Plaintiff Clara Fajardo (hereafter "Plaintiff"), individually, and upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

        1.     This lawsuit seeks to recover damages for Plaintiff, and similarly situated collective action members, resulting from Defendants Green Tea Spa at 35, Inc. and Bryan Lee's (hereafter "Defendants") willful violation of state and federal wage and hour laws since at least in or about March 2, 2015, in violation of the Fair Labor Standards Act ("FLSA") and since at least on or about March 2, 2018 in violation of the New York Labor Law ("NYLL").

        2.     Further this lawsuit seeks to recover damages to Plaintiff from Defendants' discrimination, wherein Defendants unlawfully terminated her employment on account of her perceived disability, and subjected her to a hostile work environment based on her race and/or Hispanic ethnicity.

        3.     Plaintiff brings this action on behalf of herself and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the

FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims and Plaintiff's individual claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution and are properly before this court pursuant to 28 U.S.C. §1367.

5.      As stated below, Defendant Green Tea Spa at 35, Inc. is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

6.      Defendant Green Tea Spa at 35, Inc. is subject to personal jurisdiction in the State of New York since it is located in New York County, State of New York and does business in this state.

7.      Venue is proper in this District because Defendant Green Tea Spa at 35, Inc. conducts business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### PLAINTIFF

Plaintiff Clara Fajardo

8.      Plaintiff Clara Fajardo ("Plaintiff") is an adult Hispanic individual who is a resident of Queens County, State of New York.

9.      Plaintiff is a  manicurist, and holds a temporary license.

10. Plaintiff was employed by Defendants from in or about January 2015 to on or about April 4, 2018.

11. At all times relevant Plaintiff was Defendants' employee within the meaning of the FLSA and NYLL 29 USC 203(e); NY Lab. Law 651(5).

12. After her on the job injury, on information and belief, Plaintiff was perceived as disabled by Defendants.

**DEFENDANTS**

Corporate Defendant

13. Defendant Green Tea Spa at 35, Inc. (hereafter "Green Tea Spa" or "Defendant Green Tea Spa") is a corporation created under the laws of the state of New York and doing business as Green Tea Nail & Spa.

14. At all relevant times, Defendant Green Tea Spa owned and operated a nail salon located at 141 35th Street, New York, NY 10018 doing business as Green Tea Nail & Spa.

15. Defendant Green Tea Spa at all relevant times was an employer of Plaintiff who worked at Green Tea Spa as defined by FLSA and NYLL.

16. Defendant Green Tea Spa has been at all times relevant engaged in commerce within the meaning of the FLSA.

17. Upon information and belief, Defendant Green Tea Spa is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Defendant Green Tea Spa is a popular spa and nail salon located in Manhattan's Herald Square commercial district employing more than approximately twenty (20) employees, and operating as a spa offering manicures, pedicures, facials, massage therapy, and waxing services seven (7) days a week in a street level facility. Based on Plaintiff's personal knowledge of Defendant Green Tea

Spa's business, including knowledge that each employee performed services totaling between $250 and $400 per day, and twenty employees performed work on any given day, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

18.     Upon information and belief, as well as first-hand knowledge of Plaintiff, a former employee of Defendants, Defendant Green Tea Spa regularly conducted interstate business. Specifically, Defendant Green Tea Spa has regularly accepted credit card payments debiting funds from out-of-state bank accounts. In addition, Defendant Green Tea Spa stocked and used manicure and other spa products from out of state.

19.     Further at all times relevant, Defendant Green Tea Spa was an employer within the meaning of the FLSA, the NYLL and the NYCHRL.

Individual Defendant—Bryan Lee

20.     Defendant Bryan Lee (hereafter "Defendant Lee") conducts business in New York County and on information and belief, is a resident of New York State.

21.     Defendant Lee at all times relevant to this complaint has been the owner and manager of Defendant Green Tea Spa.

22.     Upon information and belief, Defendant Lee is or has been an officer of Green Tea Spa.

23.     Defendant Lee owned, controlled and managed operations at Defendant Green Tea Spa at all times relevant. He has the powers and/or has exercised the powers to hire and fire Plaintiff and similarly situated persons. He interviewed and hired new applicants. He had the power to set Plaintiff's rate of pay for work at Defendant Green Tea Spa and he in fact paid Plaintiff. Defendant Lee had the power to set the schedules of employees and maintain employee records.

24.     As such, Defendant Lee is Plaintiff's employer as that term is defined by the FLSA, the NYLL, and the NYCHRL.

## STATEMENT OF FACTS

25.     Both the FLSA and NYLL require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

26.     The federal hourly minimum wage during the times relevant to this action was after July 24, 2009: $7.25.

27.     The state hourly minimum wage during the times relevant to this action was:

- On and after December 31, 2014: $8.75 per hour;
- On and after December 31, 2015: $9.00 per hour;
- On and after December 31, 2016: $11.00 per hour;
- On and after December 31, 2017: $13.00 per hour; and
- On and after December 31, 2018: $15.00 per hour.

28.     Plaintiff was initially hired by Defendant Lee to perform manicure and pedicure services.

29.     As a manicurist for Defendant Green Tea Spa, Plaintiff was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

Plaintiff's Hours Worked From January-December 2015

30.     From in or about January 2015 to in or about December 2015, Plaintiff worked twenty-one  (21) hours a week for Defendants.

31.     While Plaintiff was scheduled for five (5) four-hour shifts per week, she was required to work four hours and fifteen minutes each day as  Plaintiff was required to arrive 15 minutes prior to the start of each of her shifts

32.    Plaintiff worked from 10:45 a.m. to 3 p.m. Monday to Friday from in or about January 2015 to in or about March 2015. Plaintiff's hours changed to 11: 45 a.m. to 4 p.m. from in or about April 2015 to in or about December 2015.

33.    During this period, Plaintiff was paid $160 per week in cash for all hours worked and thus received less than the $8.75/ hour minimum wage.

34.    Plaintiff was paid in cash weekly at all times.

35.    Plaintiff did not receive pay stubs or any other type of documentation regarding her hours worked and rate of pay.

Plaintiff's Hours Worked From January-December 2016

36.    From in or about January 2016 to in or about December 2016, Plaintiff worked forty-one (41) hours a week for Defendants.

37.    While Plaintiff was scheduled for four  (4) ten-hour shifts per week, she was required to work ten hours and fifteen minutes each day as  Plaintiff was required to arrive 15 minutes prior to the start of each of her 10am shifts.

38.    Thus, Plaintiff worked for Defendants from 9:45 am to 8 pm on Monday, Wednesday, Thursday, and Friday.

39.    Plaintiff was off on Tuesday and on the weekend.

40.    Plaintiff was paid $320 per week for all hours worked in this period and thus received less than the $9/hour minimum wage, and further received no overtime.

41.    As before, Plaintiff was paid in cash weekly at all times.

42.    As before, Plaintiff did not receive pay stubs or any other type of documentation regarding her hours worked and rate of pay.

43.     Plaintiff was permitted one 10-15 minute meal break for each of her  more than 10-hour shifts during this period.

44.     During this period, beginning in or around January 2016 for approximately one year, Defendants hired a receptionist to handle front desk duties, including the processing of credit card transactions. Plaintiff noticed a dramatic decline in her daily tips on credit card sales of $25 per day. Plaintiff complained to Defendant Lee about the tip reduction, but he made no attempt to resolve the issue. Thus, Defendants unlawfully retained approximately  $25 per day in credit card and other tips due and owing to Plaintiff, amounting to unlawful tip retention of approximately $100 a week or $5,000 over the year 2016.

45.     Additionally Defendants at all times unlawfully retained 10% from Plaintiff's credit card tips  in addition to the 2016 unlawful retention of $25 per  day in tips.

Plaintiff's Hours Worked From January 2017-January 2018

46.     From in or about January 2017 to in or about January 2018 Plaintiff worked for Defendants for forty-one (41) hours a week.

47.     While Plaintiff was scheduled for four  (4) ten-hour shifts per week, she was required to work ten hours and fifteen minutes each day as  Plaintiff was required to arrive 15 minutes prior to the start of each of her 10am shifts.

48.     Plaintiff worked from 8:45 am to 7 pm on Monday through Thursday.

49.     Plaintiff was off on Friday and the weekend.

50.     Plaintiff was paid $332 per week for all hours worked in this period and thus received less than the $11/hour 2017 minimum wage, and further received no overtime.

51.     When the minimum wage increased to $13 per hour in January 2018 Plaintiff's pay did not increase.

52.     As before Plaintiff was paid in cash weekly at all times.

53.     As before Plaintiff did not receive pay stubs or any other type of documentation regarding her hours worked and rate of pay.

54.     As before Plaintiff was permitted one 10-15 minute meal break for each of her more than 10-hour shifts during this period.

55.     As before Defendants unlawfully retained 10% from Plaintiff's credit card tips.

Plaintiff's Hours Worked from February-April 2018

56.     In or about of February 2018, Plaintiff and her coworkers informed Defendant Lee that he was required to comply with the state's new minimum wage laws that went into effect on December 31, 2017.

57.     In response he increased her weekly rate to $362 per week and decreased Plaintiff's hours, but these changes did not result in compliance with the $13 per hour minimum wage, nor with the tipped workers credit.

58.     On Plaintiff's new schedule from in or about February 2018 until her unlawful termination on or about April 4, 2018 Plaintiff worked for Defendants for thirty-eight (38) hours per week.

59.     Plaintiff worked 8:45 am to 7 pm Tuesday through Thursday and 8:45 am to 4 pm on Friday.

60.     Plaintiff was off on Monday and weekends.

61.     Plaintiff was paid $362 per week for all hours worked in this period and thus received less than the $13/hour 2018 minimum wage.

62.     As before Plaintiff was paid in cash weekly at all times.

63.     As before Plaintiff did not receive pay stubs or any other type of documentation regarding her hours worked and rate of pay.

64.     As before Plaintiff was permitted one 10-15 minute meal break for each of her more than 10-hour shifts during this period.

65.     As before Defendants unlawfully retained 10% from Plaintiff's credit card tips.

66.     Further at all times relevant Defendants did not have Plaintiff sign a tipped worker notice.

67.     At no time did Defendants record Plaintiff's daily tips to confirm that she was receiving the minimum wage.

68.     On or about April 4, 2018 Plaintiff was subject to a retaliatory termination, as alleged infra, after she was injured on the job.

69.     As a result of this injury she incurred unpaid medical expenses that were never reimbursed by the company nor was she provided access to Workers Compensation.

## DEFENDANTS' MINIMUM WAGE VIOLATIONS

70.     At all times relevant Defendants paid Plaintiff less than the statutory minimum wage.

## DEFENDANTS' OVERTIME VIOLATIONS

71.     At no time did Defendants pay Plaintiff overtime when she worked hours in excess of 40 per week.

## DEFENDANTS' UNLAWFUL TIP RETENTION AND UNLAWFUL APPLICATION OF THE TIP CREDIT

72.     At no time did Plaintiff receive notice that Defendants intended to take the tip credit against their wages nor were the tips received recorded to ensure that Plaintiff received minimum wage.

73.    Defendants are not entitled to a "tip credit" under the NYLL because Defendants never notified or informed Plaintiff of the tip credit provision and failed to maintain records of tips received or allowances taken. For example, Defendants never gave paystubs to Plaintiff or any other statement listing any allowances claimed against the minimum wage.

74.    At no time did Plaintiff receive notice that Defendants intended to take the tip credit against her wages nor were the tips received recorded to ensure that Plaintiff received minimum wage.

75.    Upon information and belief, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours and wages, including any allowances claimed, deductions claimed or tips received by Plaintiff, in violation of the FLSA, NYLL and federal and state regulations. 29 U.S.C. § 211(c); N.Y. Lab. Law § 661; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.6.

76.    Further, while Plaintiff received cash tips in hand directly from customers or from the front desk cashier, when customers added tips to their credit card transactions for services rendered, Plaintiff had to rely on Defendants to hand over the tips due.

77.    On information and belief, at all times relevant Defendants unlawfully retained part of Plaintiff's credit card tips  in the amount of approximately $25 per day in the year 2016 by failing to turn over to her all credit card tips received by the Company.

78.    Additionally Defendants had a policy of unlawfully retaining 10% of  Plaintiff and other workers' credit card tips as a purported "service fee", in violation of the NYLL at all times relevant.

## **DEFENDANTS' SPREAD OF HOURS VIOLATION**

79.     On the days that Plaintiff was scheduled to work ten (10) hour shifts, Defendants never paid any additional compensation for working a "spread of hours" exceeding ten (10) hours per day to Plaintiff as she was required to both arrive 15 minutes prior to the start of her shift.

80.     Defendants knowingly and willfully failed to pay Plaintiff any additional compensation for working a "spread of hours" exceeding ten hours per day as required by the New York State labor regulations.

## DEFENDANTS' WAGE AND NOTICE VIOLATIONS

81.     At all times relevant Plaintiff received weekly payment in the form of cash in an envelope.

82.     All times relevant Defendants failed to provide Plaintiff pay stubs and wage notices as required.

## DEFENDANTS UNLAWFUL TOOLS OF THE TRADE AND UNLAWFUL DEDUCTIONS

83.     Federal regulations prohibit employers from requiring a minimum wage employee to purchase the tools of their trade or give any money back to his or her employer. 29 C.F.R. §531.35.

84.     The NYLL prohibits employers from making any deductions from an employee's wages except those permitted by law. N.Y. Lab. Law § 193.

85.     Defendants required Plaintiff to purchase equipment at her own expense for use in fulfilling her duties at Defendant Nail Salon including but not limited to nail clippers, nail cutters and cuticle cutters.

86.     The expenses described in the preceding paragraphs were exclusively for the benefit of Defendants and constituted de facto deductions from Plaintiff's wages.

87.    Moreover,  Defendants never reimbursed Plaintiff for medical expenses incurred as a result of her on the job injury.

## **DEFENDANTS' ACTIONS WERE WILLFUL**

88.    Defendants at all times took the above actions willfully.

89.    Indeed, Defendants paid Plaintiff in cash at rates  below both the required minimum wage rate and the corresponding time-and-a-half rate for overtime hours. Furthermore, at all times Defendants failed to provide Plaintiff with a paystub or any other documentation of her pay rate, hours worked, or pay received.

90.    Defendants further acted willfully in requiring Plaintiff to purchase personal protective equipment and failing to provide such equipment even as Defendants saw that Plaintiff was suffering from rashes and respiratory problems from lack of consistent access to adequate personal protective equipment.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

91.    Plaintiff brings her wage claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by Defendants at Defendant Green Tea Spa between on or about March 2, 2018 and the date of final judgment in this matter that elect to opt in to this action. Such Plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

92.    Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

93.    At all times relevant to this complaint, and upon information and belief, Plaintiff and the FLSA Collective Plaintiffs are and/or have been  similarly situated, and have had

substantially similar compensation provisions. Thus, the claims of Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

94.    Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

95.    Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

96.    Plaintiff and the FLSA Collective Plaintiffs who are or were tipped employees have been subject to Defendants' policies regarding tips described in this complaint, in violation of FLSA, 29 U.S.C. § 203(m) and NYLL.

97.    Plaintiff and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay for tools of the trade, such as tweezers and nippers in violation of 29 CFR §§531.3(d)(1) and (3), 531.32(c), and 531.35.

98.    For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

**PLAINTIFF'S INDIVIDUAL NYCHRL CLAIMS**

99.    In addition to Plaintiff's wage claims, in the relevant period  and as a continuing violation from the beginning of Plaintiff's employment to her termination, at all times relevant Defendants subjected Plaintiff to a hostile work environment because of her Hispanic race and/or ethnic origin and her perceived national origin.

100.    Defendant Lee would at times yell at Plaintiff and other Hispanic workers in Korean after appearing drunk and disorderly after spending time in an upstairs office.

101.    Defendant Lee would verbally deride Plaintiff and other Hispanic workers as "gossipy" and "complaining all the time" and baselessly claim that they were all "liars." He further stated "Hispanics stress out the spa."

102.    Effectively, Plaintiff and other Hispanic workers were treated as a different caste of workers who were not as valued or granted the same respect and dignity in their work as their Nepalese/Korean counterparts.

103.    Further, at all times relevant Defendants assigned Plaintiff and other Hispanic workers a disparate and more onerous workload, and disparate terms and conditions of employment, than that assigned to Defendants' other employees of Nepalese and Korean descent.

104.    Specifically, Plaintiff and other Hispanic workers were assigned heavier cleaning duties than the other employees of Nepalese and Korean descent.

105.    Further, this disparate treatment  of and hostility toward Hispanics was open and notorious.

106.    Plaintiff suffered emotional distress, humiliation and feelings of powerlessness as a result of Defendants' race-based discriminatory actions.

107.    Moreover, Plaintiff never received antidiscrimination training on the job.

**DEFENDANTS' RETALIATORY TERMINATION OF PLAINTIFF'S EMPLOYMENT DUE TO PERCEPTION OF DISABILITY IN VIOLATION OF THE NYCHRL**

108.    Additionally, Plaintiff was discriminated against based upon a perception of disability in violation of the NYCHRL by Defendants' terminating her employment after she was injured on the job.

109.    Specifically, on or about April 3, 2018 Plaintiff was performing her duties using the gel machine for manicures. The machine developed faulty wiring as a result of lack of proper maintenance. The machine sparked and the cord fell on Plaintiff's leg and electrocuted her causing skin bruising and burning. Plaintiff went to the hospital seeking treatment for her injuries.

110.    After informing Defendants of her workplace injury, Plaintiff was told to leave work and not to tell any of the other employees of the incident.

111.    Upon returning to work the following day and commencing her duties, Plaintiff was informed by Defendant Lee to cease working. He then asked her to sign a document that, upon information and belief, she understood to be a waiver of employer liability relating to her workplace injury the previous day. Plaintiff refused to sign the document.

112.    Plaintiff was then abruptly terminated by Defendants.

113.    That is, Defendants terminated Plaintiff's employment after she was injured because they perceived her as disabled by the injury and disposable.

114.    As a result of Defendants discriminatory actions, Plaintiff has suffered emotional distress.

**FIRST CLAIM FOR RELIEF**

(FLSA Minimum Wage Claim, 29 U.S.C. § 201 et seq., Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

115.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

116.    At all times relevant, each Defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. §203.

117.    At all times relevant, Defendants employed Plaintiff and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. §203.

118.    Defendants were required to pay plaintiff and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

119.    Upon information and belief, Defendants knowingly failed to pay plaintiff and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

120.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages for her unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(FLSA Overtime Claim, 29 U.S.C. § 201 et seq. Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

121.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

122.    Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiff and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

123.    At all times relevant, and upon information and belief, Defendants have repeatedly and willfully failed to pay plaintiff and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

124.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**

(New York State Minimum Wage Act Claim, NYLL Article 19 § 650 et seq., Plaintiff on Behalf of Herself the FLSA Collective Plaintiffs)

125.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

126.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiff and similarly situated persons less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

127.    Defendants did not pay the minimum wage for all hours worked by Plaintiff and similarly situated persons.

128.    Upon information and belief, Defendants' failure to pay Plaintiff and similarly situated persons the minimum wage was willful within the meaning of the NYLL.

129.    Plaintiff and similarly situated persons seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, §198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**

(New York State Minimum Wage Act - Overtime Claim, NYLL §650 et seq., Plaintiff on Behalf of Herself the FLSA Collective Plaintiffs)

130.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

131.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants willfully and repeatedly failed to pay Plaintiff and similarly situated persons at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

132.    Plaintiff and similarly situated persons seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, §198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

133.    Plaintiff and similarly situated persons have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

(Notice-and-Recordkeeping Requirements, NYLL §195(3), Plaintiffs on Behalf of Herself and the FLSA Collective Plaintiffs)

134.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

135.    Defendants have failed to provide plaintiff and similarly situated persons with wage statements or explanations of how their wages were calculated in violation of NYLL §195(3).

136.    Plaintiff and similarly situated persons have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

(Notice-and-Recordkeeping Requirements, NYLL §195(1), Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

137.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

138.    Defendants have failed to provide plaintiff and similarly situated persons with wage notices as required at their time of hire in violation of NYLL §195(1).

139.    Plaintiff and similarly situated persons have been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

(FLSA Unlawful Tip Retention, 29 U.S.C. §203(m) and 29 CFR 531.59, Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

140.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

141.    Throughout the period covered by the applicable statute of limitations, Defendants unlawfully treated workers it considered tipped workers in the various ways described in the complaint. Under the circumstances, Defendants are not allowed to have taken any "tip credit" from any workers.

142.    Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, has been damaged in an amount as yet determined, plus liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF

(Unlawful Deductions, NYLL ¬ß§193 & 196(d) Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

143.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

144.    Throughout the period covered by the applicable statute of limitations, Defendants unlawfully treated workers it considered tipped workers in the various ways described in the complaint. Under the circumstances, Defendants are not allowed to have taken any "tip credit" from any workers.

145.    Plaintiff and others similarly situated have been damaged in an amount as yet determined, plus liquidated damages.

## NINTH CLAIM FOR RELIEF

(Spread of Hours Pay Violation pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, ¬ß§142-2.4, Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)

146.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

147.    Defendants regularly and knowingly required Plaintiff and similarly situated persons work in excess of ten (10) hours per day.

148.    Defendants knowingly, willfully, and intentionally failed to pay Plaintiff and similarly situated persons one extra hour's pay at minimum wage for every day in which the interval between plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, ¬ß§142-2.4.

149.    Because of Defendants' willful violation of the NYLL, Plaintiff and similarly situated persons are entitled to recover from Defendants, jointly and severally, their unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## TENTH CLAIM FOR RELIEF

(Recovery of Equipment Costs, Plaintiff on Behalf of Herself and Similarly Situated Class Members and the FLSA Collective Action Plaintiffs)

150.    Plaintiff, on behalf of herself and those similarly situated, repeats, reiterates and incorporates each and every preceding paragraph as if set forth fully herein.

151.    Defendants required plaintiff and similarly situated persons to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment required to perform their jobs, further reducing their wages below the minimum wage in violation of the FLSA and NYLL. 29 U.S.C. §206(a); 29 C.F.R. §531.35; N.Y. Lab. Law ¬ß§193 and 198-b.

152.    Because of Defendants' willful violation of the FLSA and NYLL, Plaintiff and similarly situated persons are entitled to recover from the Defendants, jointly and severally, all

monies paid in furtherance of the Defendants' enterprise, plus liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF

(New York City Human Rights Law: Unlawful Discriminatory Practices: Unlawful Termination Based on Perceived Disability Brought by Plaintiff Against All Defendants)

153.    Plaintiff repeats and realleges all the allegations in this complaint and specifically allegations as if set forth fully herein.

154.    Based on those allegations, Defendants discriminated and against Plaintiff on the basis of her perceived disability by terminating her employment after Plaintiff sustained a workplace injury which Defendants believed rendered her disabled.

155.    Due to Defendants' violation of the New York City Human Rights Law, Plaintiff has suffered emotional distress, humiliation and loss of dignity,  and lost wages and is entitled to recover from Defendants damages in a sum to be determined by a jury.

## TWELFTH CLAIM FOR RELIEF

(New York City Human Rights Law: Race-Based Discrimination and Unlawful Hostile Work Environment Brought by Plaintiff on Behalf of Herself Against All Defendants)

156.    Plaintiff repeats and realleges all the allegations in this complaint and the allegations as if set forth fully herein.

157.    Based on those allegations, Defendants personally subjected Plaintiff to a hostile work environment by openly and notoriously engaging in verbal derision of Plaintiff and other Hispanic workers based upon false racial/ethnic stereotypes in violation of New York City Human Rights Law.

158.    Further Defendants subjected Plaintiff and other Hispanic workers to disparate and more onerous work assignments compared to non-Hispanic workers.

159.     Due to Defendants' violation of the New York City Human Rights Law, Plaintiff has suffered emotional distress, humiliation and loss of dignity and is entitled to recover from Defendants damages in a sum to be determined by a jury.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of Plaintiff as a representative of the FLSA Collective Plaintiffs;

C. An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

D. An order declaring that Defendants' violations of the FLSA were willful;

E. An order declaring that Defendants violated the NYLL in the manners stated in this complaint;

F. An order declaring that Defendants' violations of the NYLL were willful;

G. An award of minimum wage compensation under the FLSA and NYLL;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award of spread of hours premium under the NYLL;

J. A declaration that, based on violations of law, Defendants were not entitled to the "tip credit" and an award of withheld tip compensation pursuant to the FLSA and NYLL;

K. An award of liquidated damages pursuant to the FLSA;

L. An award of damages for violations of NYLL;

M. All penalties available under the applicable laws;

N. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

O. An award of all damages recoverable under New York City Human Rights Law for Plaintiff.

P. Interest as provided by law; and

Q. Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiffs demand a jury trial for all causes of action for which they have a right to a jury trial.

Dated: New York, New York
       March 2, 2021

Respectfully submitted,

MIRER MAZZOCCHI & JULIEN, PLLC

/s/

By: Ria Julien
*Attorney for Plaintiff*
1 Whitehall Street , 16th Floor
New York, NY 100 0 4
(212) 231-2235
rjulien@mm jlaw.com

23